THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHOPAEDIC ASSOCIATES a/s/o A.L.<br>**Plaintiff,**<br><br>v.<br><br>AETNA; ABC CORP. (1-10)(Said names being fictitious and unknown entities)<br>**Defendants** | CIVIL ACTION NO.: |

## ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF AETNA LIFE INSURANCE COMPANY

Defendant Aetna Life Insurance Company (improperly plead as and hereinafter referred to as "Aetna") as Benefit Provider for the Group Health Benefit Plan of Binds 2 Go (US) Inc., by way of answer to the Plaintiff's Complaint (hereinafter "Plaintiff") in the above-captioned matter, state as follows:

### THE PARTIES

1. With respect to the first paragraph of Plaintiff's Complaint, it is admitted the Orthopaedic Associates is a medical provider located in Fairlawn, New Jersey and that there is no contractual relationship between Aetna and Plaintiff. With respect to the balance of the allegations of this paragraph, this party has insufficient information to admit or deny the allegations of this paragraph and Plaintiff is left to its proofs.

2. With respect to the allegations in the second paragraph of Plaintiff's Complaint, it is admitted that A.L. is enrolled in the group health benefit plan of Blinds 2 Go (US) Inc. for which Aetna provides claims benefits. Except as so admitted, this party has insufficient information to admit or deny the balance of the allegations of this

2

paragraph.

3. With respect to the allegations in the third paragraph of Plaintiff's Complaint, it is admitted that Aetna Life Insurance Company is a Connecticut corporation which in the context of this action served as benefit provider for the group health benefit plan of Blinds 2 Go (US) Inc. and that A.L. had been an enrollee of that Plan.

4. Admitted.

5. This party has insufficient information to admit or deny the allegations of this paragraph and therefore said allegations are denied and Plaintiff is left to its proofs.

6. It is admitted that Aetna Life Insurance Company, in the context of this action, served as benefit provider for the insured group health benefit plan of Blinds 2 Go (US), Inc. which contained provisions for treatment by physicians in-network and out-of-network. Except as so admitted, the balance of the allegations of this paragraph are denied.

7. This party has insufficient information to admit or deny the allegations of this paragraph and therefore said allegations are denied and Plaintiff is left to its proofs.

8. The allegations of paragraph eight do not state a claim and no answer is required. To the extent that any assertion set forth in this paragraph may be construed or interpreted as asserting a wrongful act or omission on the part of this party, same is expressly denied. Additionally, the methodology of payment for benefit claims submitted are subject to the terms, conditions and limitations of the Blinds 2 Go Group Health Benefit Plan.

9. Denied.

3

10. It is admitted that Aetna submitted payment to Brian Massoud, M.D. for services rendered to A.L. on November 11, 2010 in the amount of $15,066.08 and that the deductible and co-payment portions were identified. With respect to the balance of the allegations of this paragraph, denied.

11. Denied.

12. Denied.

13. Upon information and belief, admitted.

14. It is denied that there is any sum due and owing to Plaintiff and it is denied that Defendant breached any duty to Plaintiff.

## COUNT I

15. Defendant incorporates by reference all the answers to all the allegations of the first ten paragraphs as if set forth at length herein.

16. The statement contained in this paragraph is not an allegation and therefore, no response is required.

17. With respect to paragraph seventeen of Plaintiff's Complaint, there is only one patient at issue and the group health benefit plan to which A.L. was enrolled was the insured group health benefit plan of Blinds 2 Go (US) Inc. for which Aetna Life Insurance Company serves as benefit provider. Except as so admitted, the balance of the allegations of this paragraph are denied.

18. Denied as stated. With respect to claims, it is admitted that Aetna is the fiduciary with complete authority to review denied claims for benefits as are particularly set forth in the group plan.

19. Denied as stated. By way of further response, it is admitted that Aetna is

4

claim fiduciary with authority to review claims for benefits under the Plan and with discretionary authority to determine whether and to what extent eligible employees and beneficiaries are entitled to benefits and to construe any disputed or doubtful terms under the Plan. Except as so admitted, denied.

20. Denied as stated. By way of further answer, Aetna serves as claim fiduciary with authority to review claims for benefits and includes, among other things, discretionary authority to determine whether and to what extent eligible employees and beneficiaries are entitled to benefits and to construe any disputed or doubtful terms of the policy.

21. With respect to paragraph 21 of Plaintiff's Complaint, this party has insufficient information to admit or deny the allegation of an assignment and leaves Plaintiff to its proofs. It is admitted that Plaintiff is not a "network" provider and it is further admitted that the group health benefit plan provides certain benefits for "non preferred" provider services. Except as so admitted, the balance of the allegations of this paragraph are denied.

22. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied and Plaintiff is left to its proofs.

23. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied and Plaintiff is left to its proofs.

24. It is denied that Aetna failed to provide any benefit due under the terms of the group health benefit plan with respect to treatment rendered by Plaintiff to A.L.

5

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT II

29. Defendant incorporates by reference all the answers to all the allegations of the first 28 paragraphs as if set forth at length herein.

30. Denied as stated.

31. With respect to paragraph thirty-one of Plaintiff's Complaint, it is admitted that Aetna, as the claim fiduciary for the group health benefit plan in which A.L. was enrolled, was required and does provide benefit determinations as such were provided to Plaintiff in this matter. It is further admitted that Aetna has an obligation to perform all duties required of it under the terms, conditions and limitations of the group master contract.

32. Aetna's role with respect to Plaintiff is to process claims pursuant to the terms, limitations and conditions of the group contract, including the performance of administrative appeals.

33. With respect to the allegations in paragraph thirty-three of Plaintiff's Complaint, it is admitted that Aetna is a claim fiduciary as that term is described in Section 503 of ERISA.

34. It is denied that any determination made by Aetna was without

6

explanation and it is denied that any determination of claims was arbitrary or capricious or in violation of ERISA.

35. Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT III

36. Defendant incorporates by reference all the answers to all the allegations of the first 35 paragraphs as if set forth at length herein.

37. Admitted.

38. With respect to the allegations set forth in paragraph 38 of Plaintiff's Complaint, it is admitted that Aetna is the benefit provider of an insured group health benefit plan of Blinds 2 Go, Inc. in which Plaintiff's alleged assignor was enrolled. In that capacity, Aetna's obligation is to provide such benefits as are set forth in the terms, conditions and limitations of the group master contract. Except as so admitted, the balance of the allegations of this paragraph are denied.

39. It is denied that Aetna has any contract with Plaintiff. By way of further response, it is denied that Aetna failed to provide the benefits to which Plaintiff's alleged assignor was entitled pursuant to the terms of the benefit plan.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT IV

40. Defendant incorporates by reference all the answers to all the allegations of the first 39 paragraphs as if set forth at length herein.

41. This party has insufficient information to admit or deny the allegations of this paragraph except that Plaintiff submitted a claim for benefits on behalf of A.L.. Thus, the balance of the allegations of this paragraph are denied and Plaintiff is left to its proofs.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT V

48. Defendant incorporates by reference all the answers to all the allegations of the first 47 paragraphs as if set forth at length herein.

49. The allegation of confirmation of payment amounts is denied. The allegation of negligence as against this party is denied. By way of further response, denied.

50. The allegation of misrepresentation is denied. The allegation concerning Plaintiff's expectations are denied. By way of further response, denied.

51. Denied.

52. Denied.

53. Denied.

8

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT VI

54. Defendant incorporates by reference all the answers to all the allegations of the first 53 paragraphs as if set forth at length herein.

55. The allegations of this paragraph concerning payment terms is denied. The balance of the allegations of this paragraph with respect to the existence of any agreement with Aetna to pay beyond that which constitutes the payment of benefits as called for pursuant to the terms, conditions and limitations of the benefit plan are denied.

56. Denied.

57. Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

## COUNT VII

58. Defendant incorporates by reference all the answers to all the allegations of the first 57 paragraphs as if set forth at length herein.

59. The allegations of this paragraph, to the extent that they may be construed to reference this party are specifically denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*

9

Dated: November ___, 2012                *Aetna Life Insurance Company*

10

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint is barred by the applicable statute of limitations.

2. Plaintiff's Complaint is barred by the statute of frauds.

3. Plaintiff's Complaint is barred by the contractual limitations.

4. Plaintiff's Complaint is barred because it seeks benefits which are not compensable benefits or are not covered benefits under the terms of the benefit plan.

5. Plaintiff has failed to exhaust mandatory administrative remedies and this party reserves the right to move for dismissal on that basis.

6. Plaintiff is bound by the determination of the Claim Administrator for failure to timely file an appeal.

7. Plaintiff's Complaint is barred and/or reduced by the doctrine of set-off.

8. Plaintiff's claims are claims for benefits which are specifically excluded from coverage under the terms of the benefit plan.

9. Plaintiff's claim is barred by the failure to obtain the necessary referral.

10. Plaintiff's Complaint is barred by the entire controversy doctrine.

11. Plaintiff's failed to obtain proper pre certification.

12. The complaints set forth in Plaintiff's Complaint are expressly pre-empted by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq.

13. Plaintiff's claim is barred by §502(a) and §514(a) of ERISA, 29 U.S.C. §1132(a) and §1144(a).

14. Plaintiff's claim is barred by the express provisions of the benefit plan.

15. This party breached no duty.

16. Plaintiff's Complaint fails to state a claim as against this Defendant this party reserves the right to move for dismissal on that basis.

17. Plaintiff's claims are barred by the provisions of the New Jersey No-Fault Law.

18. Plaintiff's Complaint is barred by the provisions of the New Jersey Workers' Compensation Law.

19. The actions of Aetna were neither arbitrary nor capricious.

20. Plaintiff's Complaint seeks benefits which exceed the benefits available under the Plan.

21. The benefit plan expressly bars the benefits for treatment of injuries or conditions that are related to or arise out of a member's employment.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire (PDK/9137)
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorneys for Defendant*
*Aetna Life Insurance Company*

Dated: November ___, 2012

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other actions pending in any other Court or pending arbitration proceeding and is not the subject of any other contemplated action or proceeding.

I further certify that there are no non-parties known or that should be joined in this matter.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Life Insurance Company*

Dated: November ___, 2012

## CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Life Insurance Company*

Dated: November ___, 2012

13

## CERTIFICATE OF SERVICE

I, Tina M. Davis, of full age, hereby certify that the within Answer and Affirmative Defenses has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via first-class mail, postage prepaid, upon:

> Andrew R. Bronsnick, Esquire
> Massood & Bronsnick, LLC
> 50 Packanack Lake Road East
> Wayne, New Jersey 07470-6663
> *Attorneys for Plaintiffs*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 2, 2012

Tina M. Davis

14